# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:25-CT-3146-D

BRANDON MARQUIS JENNINGS, )
                                )
          Plaintiff, )
                                )
          v.                       )          **ORDER**
                                )
ERIN C. BLONDEL, et al., )
                                )
         Defendants. )

On July 16, 2025, Brandon Marquis Jennings ("Jennings" or "plaintiff"), a federal inmate proceeding <u>pro se</u>, filed a complaint under 42 U.S.C. §§ 1985 and 1986 [D.E. 1]. Jennings moves to amend his complaint to clarify that he is bringing conspiracy claims under 42 U.S.C. §§ 1985 and 1986 [D.E. 11, 18], for injunctive relief [D.E. 17], and for subpoena forms [D.E. 20]. The court grants Jennings's motions to amend [D.E. 11, 18] and reviews all of Jennings's filings. As explained below, the court dismisses the action for failure to state a claim.

### I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994)

Case 5:25-ct-03146-D-RJ    Document 23    Filed 04/24/26    Page 1 of 6

(quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192–93 (4th Cir. 2009).

Jennings raises civil conspiracy claims under 42 U.S.C. §§ 1985 and 1986 concerning his federal criminal convictions for sex trafficking. See [D.E. 1] 3–9; [D.E. 1-1] 1; [D.E. 11] 1–3; [D.E. 18] 1–5. Jennings names as defendants the Honorable Louise W. Flanagan ("Judge Flanagan"), Assistant United States Attorney Erin C. Blondel ("Blondel"), Homeland Security Investigator Mary Catherine Glenn Covington ("Covington"), and Federal Bureau of Prisons Officer W. Lentz-Chaires ("Chaires"). See [D.E. 1] 3. Jennings makes four claims: (1) Blondel conspired to deny him his First and Fifth Amendment rights by maliciously coaching witnesses to fabricate trial testimonies; (2) Blondel and Covington conspired to deny him his First and Fifth Amendment rights by requesting a protective order to obstruct his relief under 28 U.S.C. § 2255; (3) Blondel and Judge Flanagan conspired to deny him his First and Fifth Amendment rights by obstructing his relief under 28 U.S.C. § 2255 through a protective order; and (4) Blondel and Chaires conspired to deny him his First, Fourth, and Fifth Amendment rights by investigating him

2

and fabricating two incident reports. See [D.E. 1] 3–9; [D.E. 18] 1–4. Jennings alleges defendants "conspired to deprive him of his protected rights simply because he was a[n] African-American male who'd been accused of sex trafficking several white-American women." [D.E. 18] 2. Jennings alleges his civil conspiracy claims are "centered around racial and gender discrimination." Id. Jennings seeks monetary damages, injunctive relief, and declaratory relief. See [D.E. 1] 10–11; [D.E. 18] 4–5.

Jennings's claims against Blondel and Judge Flanagan fail as a matter of law. Prosecutors are absolutely immune from damages claims when performing the judicial phase of prosecutorial functions, including initiating a judicial proceeding, appearing in court, or terminating a judicial proceeding. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 427–31 (1976); Safar v. Tingle, 859 F.3d 241, 248–49 (4th Cir. 2017); Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000). Judges are absolutely immune from the same for judicial acts. See Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Pierson v. Ray, 386 U.S. 547, 553–54 (1967); Allen v. Burke, 690 F.2d 376, 378 (4th Cir. 1982), aff'd sub nom. Pulliam v. Allen, 466 U.S. 522 (1984). Thus, the court dismisses Jennings's claims against these defendants.

Jennings also fails to state a civil conspiracy claim under 42 U.S.C. §§ 1985 and 1986. To state a claim of civil conspiracy under 42 U.S.C. § 1985, a plaintiff must plausibly allege "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Thomas v. Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (cleaned up); see Hinkle v. City of Clarksburg, 81

3

F.3d 416, 421 (4th Cir. 1996). To show concerted action, a plaintiff must, at minimum, provide "specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421. Conclusory allegations of a conspiracy do not satisfy this "meeting of the minds" element and therefore fail to state a claim. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995) (noting the Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy"); see, e.g., Thomas, 841 F.3d at 637 ("Allegations of parallel conduct and a bare assertion of a conspiracy are not enough for a claim to proceed." (cleaned up)); A Soc'y Without A Name v. Virginia, 655 F.3d 342, 347 (4th Cir. 2011); Gooden v. Howard Cnty., 954 F.2d 960, 970 (4th Cir. 1992) (en banc).

Jennings fails to plausibly allege a "meeting of the minds" between any defendants. See Iqbal, 556 U.S. at 677–84; Simmons, 47 F.3d at 1377; Mallory v. Dorchester Cnty. Det. Ctr., No. 2:23-CV-1688, 2024 WL 2159789, at *11 (D.S.C. Apr. 24, 2024) (unpublished), report and recommendation adopted, 2024 WL 2155211 (D.S.C. May 14, 2024) (unpublished); DeFour v. White, No. 7:22CV03, 2024 WL 1337203, at *3 (W.D. Va. Mar. 28, 2024) (unpublished); Robinson v. Greenville Cnty. Det. Ctr., No. 2:23-CV-2649, 2023 WL 8439222, at *5 (D.S.C. Oct. 13, 2023) (unpublished), report and recommendation adopted, 2023 WL 8438923 (D.S.C. Dec. 4, 2023) (unpublished); Canter v. Maryland, No. ELH-22-2267, 2023 WL 5804285, at *21–23 (D. Md. Sept. 6, 2023) (unpublished); Hankins v. Brunswick Cnty., No. 7:20-CV-16, 2020 WL 7390483, at *3 (E.D.N.C. Oct. 27, 2020) (unpublished), report and recommendation adopted, 2020 WL 7388434 (E.D.N.C. Dec. 16, 2020) (unpublished); Lemon v. Kramer, 270 F. Supp. 3d 125, 142–43 (D.D.C. 2017) (collecting cases) ("[T]he mere repetition of a conclusory statement that a conspiracy exists and that all the alleged events occurred as a result of a conspiracy are insufficient as a matter of law." (citation omitted)); Polidi v. Cheshire Parker Schneider & Bryan, PLLC, No.

4

1:16-CV-1534, 2016 WL 10587106, at *3 (E.D. Va. Dec. 22, 2016) (unpublished), aff'd, 697 F. App'x 255 (4th Cir. 2017) (per curiam) (unpublished). Thus, Jennings fails to state a claim under section 1985(3). Furthermore, because Jennings's section 1985 claim fails, his section 1986 claim also fails. See Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985) ("A cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985."); Davis v. Hudgins, 896 F. Supp. 561, 571 (E.D. Va. 1995), aff'd, 87 F.3d 1308 (4th Cir. 1996) (per curiam). Thus, the court dismisses the complaint for failure to state a claim.

As for Jennings's motion for injunctive relief, Jennings seeks a court order transferring him to FCI Mariana or FCI Coleman and for Judge Flanagan to be removed from his criminal case and investigated. See [D.E. 17] 1–30; [D.E. 17-1] 1–27. The court has considered Jennings's motion for injunctive relief under the governing standard. See, e.g., Benisek v. Lamone, 585 U.S. 155, 161 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc). Jennings has not plausibly alleged that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Additionally, the court declines to order an investigation into Judge Flanagan. Cf. Maine v. Taylor, 477 U.S. 131, 136–37 (1986); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, the court denies the motion.

## II.

In sum, the court GRANTS plaintiff's motions to amend [D.E. 11, 18], DENIES plaintiff's motions for injunctive relief [D.E. 17] and subpoena forms [D.E. 20], and DISMISSES the complaint for failure to state a claim. The clerk shall close the case.

5

SO ORDERED. This 2 4 day of April, 2026.

James C. Dever III
JAMES C. DEVER III
United States District Judge

6